ROBERT S. MUELLER, III (CSBN 59775)
United States Attorney

JOCELYN BURTON (CSBN 135879)
Chief, Civil Division

STEVEN J. SALTIEL (CSBN 202292)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6996
FAX: (415) 436-6748

Attorneys for Plaintiff
ELAINE L. CHAO, Secretary of Labor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | ) ) ) | No. |
| Plaintiff, | ) ) ) | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE LABOR-MANAGEMENT REPORTING AND DISCLOSURE ACT OF 1959, 29 U.S.C. § 482(c)** |
| v. | ) ) | |
| LOCAL LODGE 2228, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO, | ) ) ) ) | |
| Defendant. | ) ) ) | |

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, alleges as follows:

<u>NATURE OF THE ACTION</u>

1. Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401, <u>et</u>. <u>seq</u>. (the "Act") for a judgment declaring that defendant's December 2, 2000 election for the office of President is null and void, directing defendant to conduct a new election for that office under plaintiff's supervision, and for other appropriate relief.

Complaint

JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 29 U.S.C. § 482(b).

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

PARTIES

4. Plaintiff Elaine L. Chao is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action by 29 U.S.C. § 482(b).

5. Defendant is an unincorporated association residing in the County of Santa Clara, California, within the Northern District of California.

6. Defendant is a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j), and 401(b) of the Act, 29 U.S.C. §§ 402(i), 402(j), and 481 (b).

7. Defendant is chartered by and subordinate to the International Association of Machinists and Aerospace Workers, AFL-CIO (the "International"), an international labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and 3(j) of the Act, 29 U.S.C. §§ 402(i) and 402(j).

FACTUAL ALLEGATIONS

8. On or about December 2, 2000, defendant conducted an election for the office of President.  The December 2, 2000 election was subject to the provisions of Title IV of the Act, 29 U.S.C. § 481 et. seq., and the Constitution of the International, dated January 1, 1997 ("Constitution"). Two candidates were nominated for President: David Stealey ("Stealey") and Lyman Penning ("Penning").  The election was won by Stealey.

9. On or about November 30, 2000, Penning, a member in good standing of defendant, filed a written protest with defendant's Secretary-Treasurer and Election Committee, challenging Stealey's eligibility to run for President.  Penning alleged that Stealey was ineligible under the Constitution because at the time of his nomination he was indebted to District Lodge 725 of the International.

10. On or about December 4, 2000, defendant denied Penning's protest.

Complaint

2

11.  On or about December 4, 2000, Penning appealed from the denial of his protest to the International.

12.  On or about December 8, 2000, the International upheld the denial of Penning's protest.

13.  On or about January 10, 2001, Penning filed a timely complaint with plaintiff pursuant to section 402(a)(1) of the Act, 29 U.S.C. § 482(a), challenging the results of the December 2, 2000 election.  Prior to filing his complaint, Penning exhausted the remedies available under the Constitution.

14.  Pursuant to sections 402 (b) and 601 of the Act, 29 U.S.C. §§ 482(b) and 521, plaintiff investigated Penning's complaint, and based on her investigation, found probable cause to believe that: (a) defendant violated Title IV of the Act, 29 U.S.C. § 481 et. seq.; and (b) such violation has not been remedied.

15.  Section 401(e) of the Act, 29 U.S.C. § 481(e), provides in pertinent part that elections of officers of a labor organization shall be conducted in accordance with the constitution and bylaws of such organization insofar as they are not inconsistent with Title IV of the Act.

16.  Article B, section 3 of the Constitution provides in pertinent part that "...all candidates for elective office must be...free from delinquency of any nature to a...[District Lodge]."  As of the date of his nomination for President, Stealey was indebted to District Lodge 725 in that he had failed to return a computer and accessories that were provided to him by the District Lodge in October 1999.

17.  By allowing a member to run for office who was indebted to a District Lodge, contrary to the Constitution, defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e).

18.  The aforesaid violation of section 401(e) of the Act, 29 U.S.C. § 481(e), affected the outcome of the December 2, 2000 election for the office of President.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment as follows:

(a) Declaring the defendant's December 2, 2000 election for the office of

Complaint

3

President to be null and void;

      (b) Directing the defendant to conduct a new election for the office of President, under the supervision of the plaintiff;

      (c) For costs of suit herein;

      (d) For such further relief as the Court may deem proper.

DATED: May 11, 2001                Respectfully submitted,

                               ROBERT S. MUELLER, III
United States Attorney

                               s/Steven J. Saltiel_____
STEVEN J. SALTIEL
Assistant United States Attorney

Of Counsel:

    U.S. Department of Labor

    JUDITH E. KRAMER
    Acting Solicitor

    JOHN F. DEPENBROCK
    Associate Solicitor

    DENNIS A. PAQUETTE
    Counsel for Litigation

    SUSANNE LEWALD
    Acting Regional Solicitor

    FREDERICK BOWEN
    Attorney

Complaint